**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 2:16-cr-070** |
| | : | |
| **AHMED HUSSEIN MAHAMUD,** | : | **JUDGE ALGENON L. MARBLEY** |
| | : | |
| **Defendant.** | : | |

**OPINION & ORDER**

This matter comes before the Court on Defendant Ahmed Hussein Mahamud's Motion for Early Termination of Supervised Release. (ECF No. 4). Neither the Government nor Mr. Mahamud's Probation Officer oppose the motion. (ECF No. 6). For the reasons set forth below, the Motion is **GRANTED.**

On May 29, 2013, Mahamud was sentenced to a 35-month term of incarceration, to be followed by a 20-year term of supervised release related to a one count conviction of conspiracy to provide material support to a foreign terrorist organization. (ECF No. 3). Mahamud began his term of supervised release on January 5, 2016, and has served over ten years of supervision to date. (*Id.*).

The Court may terminate a term of supervised release any time after one year of supervised release if such action is warranted by the conduct of the defendant and in the interest of justice. 18 U.S.C. § 3583(e)(1). Factors the Court should consider include: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) whether adequate deterrence was afforded; (4) protection of the public from further crimes of the defendant; (5) providing the defendant with educational or vocational training, medical care, or other corrective treatment; (6)

the sentencing range established by the guidelines; (7) pertinent policy statements issued by the Sentencing Commission; (8) the need to avoid sentence disparity; and (9) the need to provide restitution to victims. *Id.*; 18 U.S.C. § 3553.

During the pendency of his supervision, Mahamud cites that he has complied with all general and special conditions of his supervised release, maintained lawful employment, and has been supported by his family. (ECF No. 4 at 1–2). Additionally, Mahamud has not incurred any new criminal charges and has passed all drug screenings. Mahamud contends that continued supervision no longer serves a rehabilitative purpose and only hinders his ability to secure advanced employment positions and visit his family. (*Id.* at 2). After consulting with Mahamud's probation officer, Dale Williams, the Government does not oppose this Motion. In fact, the Government reasoned that given Mahamuds's compliance, stable employment, and low supervision status, further supervision seems unnecessary for any further reintegrative or rehabilitative purpose. (ECF No. 6 at 2). Thus, this Court finds that it is in the interest of justice to terminate Mahamud's term of supervised release.

For good cause shown, it is hereby ordered that Mr. Mahamud's Motion (ECF No. 4) is **GRANTED**, and Mr. Mahamud's supervised release is hereby **TERMINATED.**

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: September 2, 2026**